SAMUEL R. FRIEDSON *v.* TOWN OF WESTPORT ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Submitted on briefs April 9—decision released June 17, 1980

*Samuel R. Friedson,* on the brief pro se, the appellant (plaintiff).

*Keith D. Dunnigan* and *Stephen P. Sztaba,* on the brief for the appellees (defendants).

Loiselle, J.  The plaintiff brought this action for a declaratory judgment and an injunction in order to maintain an advertising sign on his retail store in Westport.  The defendant counterclaimed seeking an injunction against the plaintiff's alleged willful violation of a town zoning ordinance.  The court rendered judgment in favor of the defendant and the plaintiff appealed.

In April, 1975, the plaintiff leased a retail store in a small shopping center, known as Sherwood Square, in the town of Westport.  The structure was a typical colonial design, one story with a peaked roof sloping on one side toward the shopping center parking lot.  The previous tenant had maintained a sign advertising its business on the roof of the building.  The sign was supported by a metal frame and fastened to metal brackets which in turn were fastened to the roof.  The sign had been left in tattered condition by the prior tenant.  The plaintiff had the sign painted by a professional sign painting company, which unfastened the bolts and removed the sign to its place of business in Norwalk where the sign was painted in accordance with the plaintiff's directions.  The sign was then returned to the store and replaced in the same location and in the same manner as it was before it was removed.

While the sign was being painted, the zoning enforcement officer of Westport contacted the plaintiff. The plaintiff knew that an attempt to put the sign back in the same place would be considered a violation of the zoning ordinance. On April 15, 1975, the Westport planning and zoning commission issued a cease and desist order to the plaintiff. The plaintiff appealed to the Westport zoning board of appeals for a variance. After a public hearing, the variance was denied. Rather than take an appeal as provided by General Statutes § 8-8, the plaintiff brought this action.

The present action is in eight counts. The complaint alleges, among other things, a violation of the plaintiff's first amendment rights, ultra vires action in the enactment of the regulations governing the use of signs, and a violation of the plaintiff's right to maintain a lawful nonconforming use of the sign which had allegedly remained there for many years.

The defendant claims that this court lacks jurisdiction over the appeal because the plaintiff, by instituting this action, has circumvented General Statutes § 8-8 which provides procedures to appeal from a decision by the zoning board of appeals. "We have frequently held that when a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. *McNish* v. *American Brass Co.*, 139 Conn. 44, 53, 89 A.2d 566 [1952]; *State Water Commissioner* v. *Norwich*, 141 Conn. 442, 447, 107 A.2d 270 [1954]." *Country Lands, Inc.* v. *Swinnerton*, 151 Conn. 27,

33, 193 A.2d 483 (1963); *Blum* v. *Lisbon Leasing Corporation,* 173 Conn. 175, 179, 377 A.2d 280 (1977). In this action, however, the issue is not merely whether the zoning board acted illegally, arbitrarily or in abuse of its discretion. The plaintiff has challenged the very enactment of the regulations as ultra vires, and the constitutionality of the defendant's actions. Under these circumstances the statutory relief "falls short of effectively, conveniently and directly determining whether the [plaintiff is] entitled to the relief claimed." *Bianco* v. *Darien,* 157 Conn. 548, 555, 254 A.2d 898 (1969). The issues presented were rightfully brought to the trial court and are reviewable by this court.

The plaintiff claims error in the trial court's refusal to include in the finding facts set forth in a paragraph of his draft finding claiming that the plaintiff's testimony in that regard was "undisputed, uncontradicted, and uncontested." "To secure an addition to the finding the party seeking it must point to some part of the appendix, the pleadings or an exhibit properly before us which discloses that the other party admitted the truth of the fact or that its validity was conceded to be undisputed." *Cutler* v. *MacDonald,* 174 Conn. 606, 610, 392 A.2d 476 (1978). A fact is not admitted or undisputed simply because it is uncontradicted. *Cutler* v. *MacDonald,* supra, 610, citing *Freccia* v. *Martin,* 163 Conn. 160, 162, 302 A.2d 280 (1972). The plaintiff has not shown where the defendant admitted or conceded that the sign had been maintained on the roof for more than 20 years as claimed. The court did not err by omitting the claimed paragraph of the draft finding in the finding.

The plaintiff's attack on the court's conclusions concerning lack of evidence in support of the plaintiff's case is without merit because no evidence is included or finding referred to to refute these conclusions. The remaining claims of error briefed relate to the court's conclusion that prior nonconforming use of the sign had not been established. The court concluded that the "plaintiff offered no evidence as to whether the sign had been removed and replaced prior to his taking occupancy and therefore he did not establish a valid preexisting non-conforming use," and that "the plaintiff offered no evidence as to when the prior tenant had vacated the premises and he therefore did not establish a valid preexisting non-conforming use." The plaintiff has no appendix to his brief which might have included evidence to refute these conclusions. The appendix to the defendant's brief includes testimony which, though equivocal, relates to how long the previous tenants occupied the building rather than to the continued use of the sign.

We are not unmindful of the rule that mere discontinuance in use where there is no intent to abandon does not terminate a valid nonconforming use. *Dubitzky* v. *Liquor Control Commission,* 160 Conn. 120, 126, 273 A.2d 876 (1970); *State ex rel. Eramo* v. *Payne,* 127 Conn. 239, 241–42, 16 A.2d 286 (1940); *Darien* v. *Webb,* 115 Conn. 581, 162 A. 690 (1932); 3 Rathkopf, The Law of Zoning and Planning (4th Ed.) c. 61 § 2, p. 61–3; 4 Yokley, Zoning Law and Practice (4th Ed.) § 22-13, p. 87. In this case, however, the plaintiff bore the burden of proving a valid nonconforming use of the sign as of June 11, 1970, the effective date of the zoning regulation. Since the plaintiff failed to show error in the court's

conclusions that he did not establish a valid pre-existing nonconforming use of the sign, the court's conclusions are not in error.

The plaintiff argues that the defendant's refusal to allow the sign to remain on the roof of the building housing his store abridges his freedom of speech in violation of the first amendment to the United States constitution. Nowhere in the finding is there any order, ruling or regulation by the zoning authorities which expressly regulates the content of an advertising sign. The only Westport zoning ordinance regulation referred to by the finding concerns the location of signs;[1] the only violation alleged to have been committed by the plaintiff was that his sign was not "below the lowest point of the main roof line"[2]

Although the plaintiff concedes that "[t]he Westport Zoning Regulations themselves do not in any way regulate the advertising message or designa-

[1] Section 33-5 C of the town of Westport zoning regulations provides: "§ 33-5 PERMITTED SIGNS IN BUSINESS DISTRICTS. . . . C. On one (1) lot there shall not be more than one (1) freestanding sign. *Attached signs shall be kept below the lowest point of the main roofline* and may project a maximum distance of eighteen (18) inches from the building to which attached. Freestanding signs shall be kept entirely within the property line of the lot and shall be screened from the view of any adjoining residential zone on the street frontage. The location and height of all freestanding signs shall be approved by the Commission. Structures may be floodlighted in such a way so that glare is not perceived in any adjoining property." (Emphasis added.)

[2] General Statutes § 8-2 expressly authorizes the zoning commissioner of a municipality to regulate ". . . the height, size and location of advertising signs and billboards." The regulation of signs as a proper exercise of the police power has been upheld. *Beckish* v. *Planning & Zoning Commission*, 162 Conn. 11, 15, 291 A.2d 208 (1971); *Franklin Furniture Co.* v. *Bridgeport*, 142 Conn. 510, 515, 115 A.2d 435 (1955). See also *Murphy, Inc.* v. *Westport*, 131 Conn. 292, 40 A.2d 177 (1944).

tion on signs," the plaintiff claims that the regulations controlled the content of his advertising message because all that he did was remove the sign, repaint it with the name of his store and replace it in the same position that it occupied prior to its removal. The only change was in the advertising message. The plaintiff contends that the defendants' refusal to permit him to maintain the sign violates his constitutional right to commercial freedom of speech. In *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 770, 96 S. Ct. 1817, 48 L. Ed. 2d 346 (1976), the United States Supreme Court ruled that commercial speech is protected by the first and fourteenth amendments to the United States constitution, but cautioned that its holding did not mean that commercial speech could not be regulated in any way. The court noted that it had approved restrictions as to time, place and manner, so long as they were justified without reference to the content of the regulated speech, served a significant governmental interest and left open ample alternative channels for communication of the information. Id., 770–71. Here there is no regulation as to content, but only as to place. The purpose of the cease and desist order was to enforce the regulation as to the location of the sign. This hardly can be classified as an infringement of the first amendment right of free speech.

There is no error.

In this opinion the other judges concurred.