[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in New York City, New York on January 26, 1958, and have been residents of the State of Connecticut for at least twelve months next preceding the date of the filing of this complaint. There are no minor children issues of this marriage.
The plaintiff, age 63, is a high school graduate who was employed by the Travelers Insurance Company in customer service before her marriage and for approximately one year after marriage and until the birth of her daughter. She returned to work on a part time basis after her daughter entered junior high school and in April of 1990 commenced full time employment the insurance business. She testified that her health is not good and that she suffers from depression and emotional problems. She has had between sixty five and seventy five skin cancers causing hospitalization on approximately six occasions. The couple had pursued marriage counseling and therapy on both an individual and joint basis.
The wife's financial affidavit reflects a net weekly income of $367.00 from her job with an insurance agency. She has weekly expenses of $639.75. She lists assets of $87,500.00 in the marital residence, $2,798.00 in her motor vehicle, $10,000.00 in personal property and $650.00 in checking and savings for a total of $100,948.00. She lists several creditors in the amount of $18,226.00 as liabilities.
The defendant, age 60, was a senior service systems instructor at Sikorsky Aircraft. He relates to having had a nervous breakdown in 1971 and again in 1980. Five years ago he had a triple coronary bi-pass and has been totally disabled since approximately 1987. He is presently taking five medications and also suffers from arthritis. He had also been employed as a senior sonar instructor. He related to holding three jobs simultaneously, one at Sikorsky, another as an instructor for the United States Naval Reserve and a third as an instructor at Bullard Havens Technical School.
The husband's financial affidavit shows weekly retirement income of $152.00 from the United States Navy, $228.00 from Social Security, $195.00 from a Sikorsky pension and $99.00 from a disability insurance policy for a total weekly net income of $675.00. He claims weekly expenses of $616.50 and lists liabilities of $19,395.00. His assets are stated at CT Page 8552 $114,940.00, but an obvious error in the valuation of the house would raise this figure to over $160,000.00.
Evidence was presented on both sides concerning the causes for the breakdown. It would serve no useful purpose to repeat the testimony. Suffice it to say that the plaintiff portrayed a picture of her husband giving her the "silent treatment" on various occasions which lasted from two to seven days. She stated that her husband "had a violent temper, short fuse, smashed various household items" and had a one year affair with another woman. The wife further testified that the defendant was overly critical of her abilities in the kitchen and bedroom, watched pornographic video tapes on a regular basis and made bizarre sexual demands upon her.
The defendant admitted some of his wife's substantive allegations. However, he claimed that the medications he has been taking since 1971 have rendered him impotent and his unusual behavior was merely an attempt to counteract the residual affects from the medication prescribed for him. The husband indicated he would like to give the marriage a second chance and that he still loved his wife.
The evidence presented established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
With respect to alimony and a division of the property of the parties, the law and elements thereof to be considered are stated in 46b-81 and 46b-82 of the Connecticut General Statutes and are interpreted as follows:
"To begin with, our alimony statute does not recognize an absolute right to alimony. General Statutes 46b-82. Thomas v. Thomas, 159 Conn. 477, 486, (1970). `This court has reiterated time and again that awards of financial settlements ancillary to a marital dissolution, rest in the sound discretion of the trial court.' Posada v. Posada, 179 Conn. 568, 572
(1980).
Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets, and opportunity for future acquisition of assets of each of the parties, Fucci v. Fucci, 179 Conn. 174, 179
(1979), no single criterion is preferred over all others. In weighing the factors in a given case the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and CT Page 8553 potential, are entitled to great weight." Valente v. Valente,180 Conn. 528, 530-531 (1980).
"A property division ought to accord value to those nonmonetary contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets. The investment of human capital in homemaking has worth and should be evaluated in a property division incident to a dissolution of marriage. We hold, accordingly, that an equitable distribution of property should taken into consideration the plaintiff's contributions to the marriage, including homemaking activities and primary caretaking responsibilities." Blake v. Blake, 207 Conn. 217 at 230 (1988), where our Supreme Court cited with approval the language of O'Neill v. O'Neill, 13 Conn. App. 300 at 311 (1988).
Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366,368 (1981), this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria. (46b-82 and 46b-81 (c))." Weiman v. Weiman, 181 Conn. 232, 234 (1982).
The court has carefully considered all of the criteria and requirements set forth in Connecticut General Statutes 46b-56,46b-62, 46b-81, 46b-82 and 46b-84 as well as all other relevant statutes, the cases dealing with the subject and all of the evidence presented in this particular case in reaching the decisions reflected in the following orders.
1. The parties shall cooperate to finalize a sale of the marital residence at the earliest possible date for the highest possible price. After payment of the broker's commission, all reasonable and necessary closing costs, and the debt to Connecticut National Bank in the approximate amount of $12,000.00, the net proceeds shall be divided fifty percent to the plaintiff wife and fifty percent to the defendant husband. The parties shall be equally responsible for all house connected expenses until the property is sold.
2. The husband shall pay periodic weekly alimony of $150.00 to the plaintiff for a CT Page 8554 period of six years, or until her death, remarriage or cohabitation under law, whichever event shall first occur. A contingent wage execution may issue to insure said payments.
3. The Sikorsky Aircraft Savings Plan which has a cash value of approximately $70,000.00 shall be divided equally between the parties. The Connecticut National Bank checking account in the approximate amount of $1,100.00 shall be likewise divided equally between the parties.
4. The wife shall have the 1989 Ford Thunderbird and the husband shall have the 1978 Toyota automobile. The wife shall be solely responsible for the outstanding loan balance in the approximate amount of $11,000.00 on her vehicle.
5. The personal property shall be divided by the parties. They have indicated that this can be accomplished by them, but if an impass should arise they may mediate with the Family Relations office and if this is not successful the court shall retain jurisdiction over same. The wife shall be solely responsible for payment of the Connecticut National Bank Master Charge account, G. Fox, Sage Allen, Sears, Steinbach's, and Jordan Marsh debts as listed on her financial affidavit.
6. The husband shall be solely responsible for the Visa and Sears obligations as listed on his financial affidavit.
7. The Sikorsky Federal Credit Union obligation in the approximate amount of $6,000.00 shall be paid 66% by the husband and 34% by the wife.
8. The husband shall have ownership of his two computers and software, his technical books and materials. The wife shall likewise have all of her personal items. CT Page 8555
MYRON R. BALLEN, JUDGE