[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Bridgeport, Connecticut on March 21, 1964, and have been residents of the State of Connecticut for at least twelve months next preceding the date of the filing of this complaint. There are no minor children issue of this marriage.
The plaintiff, age forty-two, completed eight years of grammar school and is in apparent good health. Plaintiff related that she married the defendant at the age of sixteen and had four children during this twenty-seven year marriage, Margie, age twenty-six, Naiomi, age twenty-five, Pedro, age Twenty-three, and Carmen age twenty-two. She has worked full time on the assembly line at the Remington Razor Company since 1976.
The wife's financial affidavit reflects a weekly income of $320.00 from her job repairing electric razors at the Remington Company and $81.00 received from her married daughter for the rental of the first floor in the house she owns and occupies. CT Page 9408 She has weekly expenses of $329.00 and she lists assets of $73,421.00 representing the equity in her home which she values at $90,000.00. She also lists three bank accounts in the total amount of $9,000.00 and shows a profit sharing plan at Remington with a balance of $8,122.00. She has liabilities in the amount of $4,300.00.
The defendant, age forty-eight, relates to having come to Connecticut in 1961 where he completed two years of high school. He was employed as a pocket book cutter by J.B. Lyon Company for approximately eight years and then worked for the Orange Coat Company, ASCO Corporation and Bridgeport Fitting Company where he earned approximately $250.00 weekly but claimed he also earned $400.00 weekly and as much as $32,000.00 in one year. In or about 1985 the defendant was charged with the killing of his then current girlfriend. He was tried and convicted of manslaughter and is presently serving a twenty year sentence at the state prison in Enfield, Connecticut. He anticipates a release in 1997 and states that he has high blood pressure.
The husband's financial affidavit shows no weekly income or expenses. He states his assets at $125,000.00 being the difference between the value he places on the marital residence of $140,000.00 reduced by the $15,000.00 mortgage which encumbers same. He lists no liabilities.
The plaintiff wife presented substantial credible testimony concerning the causes for the marital breakdown. She alleged that the husband never paid household bills or gave her any money. She alleged "the defendant was always behind on everything," and that she had to obtain food for herself and the children from her mother. She also related that her husband had struck her on several occasions giving her a black eye and other facial bruises and that he tried to choke her on occasion. She further claimed that he was always drinking, gambling and going out with another woman and that "he messed around a lot." The husband admitted some of his wife's substantiative allegations particularly in the area of his seeing other women. However he claimed that he was a good earner and provider during the marriage. The court finds the plaintiff's testimony concerning the conduct of the parties, the problems in the marriage and the actions of the parties was most credible.
The evidence presented established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The only asset of the parties is the marital residence which the wife values at $90,000.00 less a $15,000.00 mortgage balance and a $1,578.00 judgment lien which leaves a net value CT Page 9409 equity of $73,421.00. The husband values said premises at $140,000.00. The home at 263-265 Hough Avenue in Bridgeport was purchased by both parties in 1973 for $30,500.00. It was financed by a $25,500.00 bank mortgage and a $5,000.00 grant from the Bridgeport Model City's Housing Corporation. On September 22, 1987 the husband conveyed his interest in said premises to the wife who testified she has been paying all expenses in connection with same for a substantial period of time and continues to pay all house connected expenses to the present date.
With respect to alimony and a division of the property of the parties, the law and elements thereof to be considered are stated in 46b-81 and 46b-82 of the Connecticut General Statutes and are interpreted as follows:
"To begin with, our alimony statute does not recognize an absolute right to alimony. General Statutes 46b-82. Thomas v. Thomas, 159 Conn. 477, 486, (1970). `This court has reiterated time and again that awards of financial settlements ancillary to a marital dissolution, rest in the sound discretion of the trial court.' Posada v. Posada, 179 Conn. 568, 572
(1980).
Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets, and opportunity for future acquisition of assets of each of the parties, Fucci v. Fucci, 179 Conn. 174, 179
(1979), no single criterion is preferred over all others. In weighing the factors in a given case the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight." Valente v. Valente,180 Conn. 528, 530-531 (1980).
"A property division ought to accord value to those nonmonetary contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets. The investment of human capital in homemaking has worth and should be evaluated in a property division incident to a dissolution of marriage. We hold, accordingly, that an equitable distribution of property should taken into consideration the plaintiff's contributions to the marriage, including homemaking activities and primary caretaking responsibilities." Blake v. Blake, 207 Conn. 217 at 230 (1988), where our Supreme Court cited with approval the language of O'Neill v. O'Neill, 13 Conn. App. 300 at 311 (1988). CT Page 9410
Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366,368 (1981), this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria. (46b-82 and 46b-81 (c))." Weiman v. Weiman, 181 Conn. 232, 234 (1982).
The court has carefully considered all of the criteria and requirements set forth in Connecticut General Statutes 46b-56,46b-62, 46b-81, 46b-82 and 46b-84 as well as all other relevant statutes, the cases dealing with the subject and all of the evidence presented in this particular case in reaching the decisions reflected in the following orders.
1. The husband shall pay alimony in the amount of $1.00 per year to the wife until her death or remarriage.
2. The wife shall retain her present sole ownership of the former marital residence located at 263-265 Hough Avenue, Bridgeport, Connecticut, which she presently occupies. The wife shall be solely responsible for the mortgage presently encumbering said premises.
3. The defendant husband shall be solely responsible for payment of the Household Finance Corporation judgment lien in the approximate amount of $1,578.00 which presently encumbers said property. The underlying debt was incurred solely by him and he shall hold the wife harmless in connection with same.
4. The plaintiff wife shall retain all of the assets as listed on her financial affidavit and shall be responsible for the payment of all liabilities listed thereon.
5. The defendant husband shall be solely responsible for any and all debts which he has incurred and shall hold the wife harmless from any liability in connection therewith.
6. The husband shall have no legal or equitable right title or interest in or to the real estate known as 263-265 Hough Avenue, Bridgeport, Connecticut, the former marital residence.
7. The maiden name of the wife, Carmen Quinones, is restored.
BALLEN, JUDGE CT Page 9411