[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED MEMORANDUM OF DECISION
The plaintiff husband has brought suit for a dissolution of his thirty year marriage to the defendant wife, on the ground of irretrievable breakdown, and seeks alimony, damages and counsel CT Page 9375 fees. The defendant's answer admits all the allegations of the complaint and by way of Cross Complaint seeks a dissolution on the same ground of irretrievable breakdown, and claims alimony, counsel fees, an equitable distribution of their real and personal property and a conveyance of the plaintiff's interest in the family home. The parties by their pleadings agree that the marriage has broken down irretrievably, a conclusion with which this court agrees, and draws from the evidence submitted by both parties. The plaintiff and the defendant have both contributed to the breakdown of the marriage by their claims, that each of them was involved in affairs, he with other women and she with other men. There is no proof, in any degree, that those allegations are true, however the accusations have been the cause of the marriage disintegrating and both are equally at fault. The plaintiff's handling of the parties' savings account is difficult for this court to believe. On October 31, 1992 it had $19,561.00 all of which he withdrew by January 7, 1993, a period two months and seven days. He had previously withdrawn only about $8600.00 from September 30, 1989 to December 31, 1991 a period of twenty-seven months.
The two daughters of the marriage have reached their majority and therefore no questions of custody and support are involved.
With respect to alimony, support and a division of the property of the parties, the law and elements thereof to be considered has been stated in 46b-81 and 46b-82a Connecticut General Statutes and interpreted as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82. Thomas v. Thomas, 159 Conn. 477, 486, 271 A.2d 42 (1970). `This court has reiterated time and again that awards of financial settlements ancillary to a marital dissolution, rest in the sound discretion of the trial court.' Posada v. Posada, Conn. (41 Conn. L. J., No. 32, pp. 16, 17) (1980). Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station CT Page 9376 in life, occupation, amount and sources of income, assets, and opportunity for future acquisition of assets, of each of the parties. Fucci v. Fucci, Conn. (41 Conn. L.J., No. 12, pp. 12, 13) (1979), no single criterion is preferred over all the others. To weighing the factors in a given case the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determination the financial circumstances, both actual and potential, are entitled to great weight.
Valente v. Valente, 180 Conn. 528, 530.
Since "(i)t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366,368, this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." (46b-82 and 46b-81(c)). Weiman v. Weiman, 181 Conn. 232, 234. The trial court may place varying degrees of importance on each criterion according to the factual circumstances of each case. Carpenter v. Carpenter, 188 Conn. 736,740. In considering all the elements and requirements of the statutes involved, the cases dealing with the subject and all the evidence, the court enters the following orders.
The plaintiff is ordered to pay the defendant alimony in the sum of $100.00 per week until the death of either party, the remarriage of the defendant or her living with another person violation of 46b-86(b). The defendant shall be entitled to the medical and dental insurance provided by her husband's employment in accordance with her rights under COBRA. The husband shall pay the premium for the coverage for one year from the date of this decision, after which the wife shall, at her own expense, be entitled to the husband's health insurance for as long as COBRA permits. The plaintiff is presently in arrearage on the court ordered weekly alimony pendente lite payments of $1400.00 which is awarded to the defendants as lump CT Page 9377 sum alimony and shall be payable at the rate of $20.00 per week from the date of this decision. The wife is awarded the 1989 Chrysler automobile, her personal property, her jewelry, her account "Gateway Bank 112A" in the amount of $2,275.77 her IRA account and one half the furniture, furnishings and fixtures located at the family home 106 Ryan Avenue, Stratford, Connecticut. The premises jointly owned by the parties shall be listed for sale immediately at a price of $104,900.00 and the balance, if any, remaining after the regular costs of the sale shall be divided equally between the parties. The husband is awarded the 1982 Oldsmobile Cutlass automobile; one half the furniture; furnishings and fixtures located at the family home 106 Ryan Street, Stratford, Connecticut; his personal property; his checking account at People's Bank and his IRA account. Each party shall be responsible for the liabilities shown on their financial affidavits, both filed with the court, September 14, 1993 and both parties shall save the other harmless from those debts. Both parties shall be responsible for their own attorneys fees, after a consideration of the parties respective financial situations. Durak v. Durak, 210 Conn. 462, 477. The IRS refund of $623.00 shall be divided equally.
Judgment shall enter for a dissolution of the marriage on the grounds of irretrievable breakdown, and all orders and awards herein before stated are made a part of that judgment.
LEVINE STATE TRIAL REFERREE [REFEREE]