[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4638
This matter comes before the court by way of an appeal from a decision of the Oxford Zoning Board of Appeals upholding an order of the Zoning Enforcement Officer. This order called for the appellant plaintiffs to seek permits for the noted illegal activities when permitted to do so or remove said activities within 30 days. The illegal activities for which no approval had been granted constituted an in-ground pool, a greenhouse, an in-law apartment, and an additional dwelling unit as well as the storage of discarded material.
The appeal was sustained as to the storage of discarded material. Two other motions were subsequently presented to the Board. First, a motion was made to support the Zoning Enforcement Officer's order. The vote was 3-2 in favor. Following this, a second motion was made this time to disapprove, i.e., overrule the Zoning Enforcement Officer. The result was 3-2 in the affirmative. Connecticut General Statutes § 8-7 requires four affirmative votes in order to reverse a decision of the Zoning Enforcement Officer. Thus, the vote to overrule or disapprove failed.
From this decision, the appellant plaintiffs have appealed to this court seeking to have the decision of the Zoning Board of Appeals declared invalid and requesting such relief as is proper. The appellants allege that the Board acted illegally, arbitrarily and in abuse of its discretion in that (a) the structures in question had been located on the property for more than three years prior to this action and, therefore, pursuant to Conn. General Statutes § 8-13a, constituted non-conforming uses; (b) that there was no adequate or sufficient factual basis for the action taken; (c) that the absence of records made it insufficient as a matter of law to establish any zoning violation; and (d) the actions of the Board were politically motivated to punish the plaintiff (appellant) for the exercise of his rights as protected by theFirst and Fourteenth Amendments to the Constitution of the United States and the rights secured to him by the Constitution of the State of Connecticut.
The Zoning Board of Appeals alleges that they acted properly and ask the court to dismiss the appeal.
The Zoning Enforcement Officer in February of 1993 notified the appellants that information had been received by her indicating CT Page 4639 the existence of several structures on the subject property that had been erected without the necessary permits and that uses were being made of the property which were in violation of the Zoning Regulations of the Town of Oxford. After an inspection of the property held on April 8, 1993, the Zoning Enforcement Officer issued an order to the appellants directing them to ". . . seek proper permits for the noted illegal activities which the Commission could permit, or remove said activities within thirty days."
The activities which had been cited in the order were an in-ground pool for which there was no approval; a greenhouse for which there was no approval; an in-law apartment that had no approval; and an additional dwelling unit in a separate structure on the premises and, finally, the improper storage of discarded materials.
The violations cited were as follows:
 Article 3, Section 1. No zoning certificate of approval for an in-ground pool, greenhouse, in-law apartment, and an additional dwelling unit on the premises;
Article 4, Sections 1 and 2 entitled Approvals and Fees;
 Article 5, Sections 1.9 and 1.9b, the storage of discarded material;
 Article 12, Section 5. Special Exceptions. No Zoning certificate of approval for in-law set up above three car garage; no certificate of approval for additional dwelling unit on property.
The appellants appealed from these orders to the Zoning Board of Appeals. Subsequently, hearings were held. At these hearings, testimony was given by the Zoning Enforcement Officer as well as a representative of the Planning and Zoning Commission. The appellants were represented by counsel and were allowed to present whatever testimony they desired as well as to cross examine those witnesses who testified on behalf of the Zoning Enforcement Officer.
After these deliberations, the Zoning Board of Appeals voted unanimously to overrule the enforcement officer relating to the improper storage of any material on the subject property in violation of Article 5 of the Regulations. Thereafter, two motions CT Page 4640 were acted on, the first was an affirmative vote of 3-2 approving the actions of the Zoning Enforcement Officer relating to the remaining violations. A second motion was made to overrule the actions of the Zoning Enforcement Officer. That vote was also a 3-2
vote, this time to overrule or disapprove. The Board thereupon denied their appeal.
Section 8-7 of the Connecticut General Statutes as it is pertinent to the matter before us reads as follows:
 "The concurring vote of four members of the Zoning Board of Appeals shall be necessary to reverse any order requirement or decision of the official charged with the enforcement of the zoning regulations or to decide in favor of the applicant any matter upon which it is required to pass under any by-law, ordinance, rule or regulation or to vary the application of the zoning bylaws, ordinance, rule or regulation. . . ."
As indicated previously the vote to reverse or overrule the actions of the Zoning Enforcement Officer received only a 3-2
favorable vote. It can readily be seen that the four votes necessary for reversal under the statute were not achieved. While the separate motions might at first blush seem to indicate a failure to act on the part of the Board one cannot overlook the fact that the four votes necessary under § 8-7 were not obtained thereby leaving the order of the Zoning Enforcement Officer intact. In addition, there is no language in the statute requiring four votes to affirm the order of said officer. Based on this reasoning, the court finds no incongruity in the actions of the Board. The motion to overrule or reverse failed since the four votes necessary were not present.
The appellants also raise the claim that a nonconforming use has been created pursuant to § 8-13a of the Conn. General Statutes. "The plaintiffs have the burden of proving the existence of such a nonconforming use." Pleasantview Farms Development, Inc. v. ZoningBoard of Appeals, 218 Conn. 265, 272; Friedson v. Westport,181 Conn. 230, 234, 435 A.2d 17 (1980).
Section 8-13a of the Connecticut General Statutes reads as follows:
 "When a building is so situated on a lot that it violates a zoning regulation of a municipality which prescribes CT Page 4641 the location of such building in relation to the boundaries of the lot or when a building is situated on a lot that violates a zoning regulation of a municipality which prescribes the minimum area of the lot and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to such boundaries or to the area of such lot as the case may be." (Emphasis added.)
It is obvious to the court that the appellants have a misconception of the purpose and intent of § 8-13a. The purpose of the statute is to give, non-conforming use status, to buildings that have existed on a site for three years or more which are in violation of a zoning regulation as it relates to its location on the site with relation to boundaries or minimum lot size. It does not relate to the use which any building might be put to. While the pool and the greenhouse, due to their location, might have become nonconforming under the statute, it should be noted that the directive of the Zoning Enforcement Officer relates to the use of the various structures and not their location. The argument that § 8-13a created a non-conforming use is misdirected.
While there appears to be some dispute as to whether a permit was ever granted for the in-law apartment constructed over the garage of the main residence, the building permit disclosed authorization to erect a three car garage and storage area above the garage. While certificates of zoning approval and building permits were obtained for the construction of the buildings in question, there is no indication n the record that any special exceptions were granted for the outstanding uses being made for the in-law apartment above the garage and the separate dwelling unit in the barn.
"The plaintiff's bear the burden of proving the existence of such a nonconforming use." Pleasantview Farms Development, Inc. v.Zoning Board of Appeals, 218 Conn. 265, 272; Friedson v. Westport,181 Conn. 230, 234; 435 A.2d 17 (1980).
"It is well settled that a court in reviewing the action of an administrative agency is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own. Farrington v. Zoning Board of Appeals, 177 Conn. 186, 190,413 A.2d 817 (1979); see also General Dynamics Corporation v.Groton, 184 Conn. 488, 495, 440 A.2d 185 (1981). (It is the CT Page 4642 function of the administrative commission, not the trial court, to find facts). The trial court must uphold the Board's decision if it is reasonably supported by the record." Connecticut ResourcesRecovery Auth. v. Planning Zoning Commission, 225 Conn. 731, 744;DeBlasi v. Zoning Board of Appeals, 224 Conn. 823, 829-30,624 A.2d 372 (1993).
"For a use to be non-conforming under [the Town of Oxford's Zoning Regulations] and under Connecticut case law, that use must possess two characteristics. First, it must be lawful; and second, it must be in existence at the time that the zoning regulation making the use nonconforming was enacted." Helicopter Associates,Inc. v. Stamford, 201 Conn. 700, 712; Petruzzi v. Zoning Board ofAppeals, 176 Conn. 479, 482-83, 408 A.2d 243 (1979); Bianco v.Darien, 157 Conn. 548, 558-59, 254 A.2d 898 (1989); ProspectGardens Convalescent Homes, Inc. v. Norwalk, 32 Conn. Sup. 214,221-22, 347 A.2d 637 (1975). There is nothing in the record indicating that either of these requirements were ever met.
Further, the appellants contend that their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article First, Section 7 of the Connecticut Constitution have been violated. The appellants contend that the actions of the Zoning Enforcement Officer were taken as a form of retaliation after he registered concern about the zoning function and complaints he had received from residents of the town.
Our Supreme Court in the case of Caserta v. Zoning Board ofAppeals, 226 Conn. 86, 87-88, held that: ". . . it is clear from both the entire statutory scheme and our zoning case law that the zoning board hears and decides such an `appeal' de novo, and that the actions of the zoning enforcement officer that is the subject of the appeal is entitled to no special deference by the court." The record discloses that a hearing was held before the Zoning Board of Appeals which took place over two evenings; that both sides were given the opportunity to present whatever evidence they desired and in addition to cross examine any witnesses that testified. A full hearing was accorded to the appellants and whatever dispute or relationship might have existed nevertheless they were given a full and fair hearing. This is borne out by the fact that one of the orders of the Zoning Enforcement Officer was overruled by a unanimous vote. This is further borne out by the fact that the vote on the other motions were decided by a 3 — 2 vote. Due process was in fact accorded to the appellants. Furthermore, a claim of any violation of defendants First Amendment CT Page 4643 rights being violated can be of no avail. The record discloses that appellants were granted a full and fair hearing before the Board. They were allowed to present whatever evidence and testimony they desired. The votes on the various motions indicating various opinions by the members of the Board. The record indicates that a full debate took place.
There is no evidence that the Zoning Board of Appeals acted illegally, arbitrarily or in abuse of its discretion. The court finds for the defendant Zoning Board of Appeals of the Town of Oxford. Judgment may enter accordingly.
The Court
Curran, J.