[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
The plaintiffs have instituted this one count complaint against four named defendants, concerning the use of property at 975 Ethan Allen Highway, Ridgefield.
The plaintiffs are owners of the property, which is located at the intersection of Route 35 and Route 7.
Named as defendants in the action are the Planning and Zoning Commission of the Town of Ridgefield, the Zoning Board of Appeals of the Town of Ridgefield, Planning Director Oswald Inglese and Zoning Enforcement Officer Richard Baldelli.
Prior to instituting this action in March of 1999, the plaintiffs sought approval of a site plan application from the Planning and Zoning Commission and Oswald Inglese.
The application, dated December 23, 1998, sought approval for an "outdoor display and product line."
The proposed site plan included the approximate location of the outdoor display, and listed products to be sold at the location (see letter of December 22, 1998, from Attorney Raymond F. Ross).
The plaintiffs claimed, in their application, that a decision of the Hon. Edward F. Stodolink, dated October 13, 1998, rendered in the matter of R R Pool Patio. Inc. v. Zoning Board ofAppeals, Superior Court, judicial district of Danbury, Docket No. 316152 (October 13, 1998), mandated approval of the site plan application.
Judge Stodolink's decision was issued following a determination by the Connecticut Appellate Court that R R Pool Patio, Inc. had standing to appeal from a decision of the Ridgefield Zoning Board of Appeals, affirming the denial of a site plan application by the planning director (R R Pool Home, Inc. v. Zoning Board of Appeals, 43 Conn. App. 563 (1996)).
The property in question is located in a B-2 zone, where retail sales are not permitted. CT Page 11064
On February 17, 1999, Planning Director Oswald Inglese denied the December 23, 1998 site plan application, claiming that the site plan was beyond the scope of a variance granted to one Richard Amatulli, doing business as Classics of Ridgefield, on July 23, 1990.
The granting of the variance to Amatulli preceded the denial of a variance requested on July 2, 1993, which sought permission for the plaintiff, R R Pool Patio, Inc., to have full retail use of the property. R R Pool Home. Inc. v. Zoning Board ofAppeals, supra, 56 n. 3.
On February 26, 1999, the plaintiffs appealed the decision of Oswald Inglese to the Ridgefield Zoning Board of Appeals.
A public hearing has been held and the appeal is pending.
The complaint in this action was made returnable to this court March 9, 1999.
The plaintiffs' complaint consists of one count, composed of thirty-three (33) paragraphs.
Eight paragraphs are included in the prayer for relief.
Although claiming to have no adequate remedy at law (par. 30), the plaintiffs seek "[d]amages for such period of time as the defendants have prevented the plaintiffs from having outdoor display and storage on their premises." (par. 7, Prayer for Relief.)
The remaining paragraphs in the Prayer for Relief seek declaratory relief (par. 1-4), injunctive relief (par. 5), relief by way of mandamus (par. 6) and "[all] other . . ., relief as in equity and justice may appertain." (par. 8.)
The complaint reviews the history of the prior application for site plan approval, as well as the trial court and Appellate Court history.
The plaintiffs claim that the failure of the planning director to approve the site plan application is contrary to the October 13, 1998 decision of Judge Stodolink, which sustained the appeal from the denial of site plan approval by the Ridgefield CT Page 11065 Zoning Board of Appeals.
In the decision, after reviewing each of the reasons assigned by the zoning board of appeals in support of the planning director's denial of the site plan application, Judge Stodolink found: "the plaintiffs' site plan application was for the identical approval that Amatulli received in 19990." (Memorandum of Decision, p. 28.)
The decision's concluding paragraph stated:
 [T]he court sustains the plaintiffs' appeal from the denial of their application for site plan approval for exactly the same uses approved in the July 23, 1990 approval.
The court also concluded that the board was required to conduct a de novo hearing and review of the application, and not simply rely upon the decision of the planning director.
A review of the record revealed that the plaintiffs had requested in the 1993 site plan application, "the exact same uses" as had been approved in 1990.
After reviewing the 1998 site plan request, the planning director denied the application for three reasons: (1) the 1990 variance to Amatulli (90-099) did not authorize outdoor storage or the display of merchandise for sale; (2) items to be sold were beyond the scope of the 1990 variance; and (3) traffic concerns.
The defendants have moved to dismiss this action, claiming that the plaintiffs have failed to exhaust all administrative remedies, in light of the appeal now pending before the Ridgefield Zoning Board of Appeals.
 II STANDARD OF REVIEW
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court, by asserting that the plaintiff cannot, as a matter of law or fact, state a cause of action that can be heard by the court. Baskin's Appeal fromProbate, 194 Conn. 635, 640 (1984); Practice Book § 10-31(a)(1).
"Subject matter jurisdiction is the power of [a] court to CT Page 11066 hear and [decide] cases of the general class to which the proceedings in question belong." (Citations omitted; internal quotation marks omitted.) Lauer v. Zoning Commission,220 Conn. 455, 460 (1991); LeConche v. Elligers, 215 Conn. 701, 709 (1990).
A claim of lack of jurisdiction over the subject matter can be raised at any time. Practice Book § 10-33. Subject matter jurisdiction is a question of law, and cannot be waived or conferred by consent of the parties. Cahill v. Board ofEducation, 198 Conn. 229, 238 (1985); Reed v. Reincke,155 Conn. 591, 598 (1967).
"Once brought to the attention of the court, regardless of the form of motion, it must be acted upon." (Citations omitted; internal quotation marks omitted.) In Re Judicial Inquiry No.85-01, 221 Conn. 625, 629 (1992).
 III PLAINTIFFS HAVE NOT EXHAUSTED ADMINISTRATIVE REMEDIES
The failure of a party to exhaust an adequate administrative remedy deprives the court of jurisdiction to act on a matter.Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 557
(1987); Simko v. Ervin, 234 Conn. 498, 503 (1995).
When an administrative remedy is provided by law, relief must first be sought by exhausting this remedy, before resorting to the courts. Carpenter v. Planning Zoning Commission,176 Conn. 581, 598 (1979); Friedson v. Westport, 181 Conn. 230, 232-33
(1980). A party may not, instead, institute an independent action to test the precise issue which the administrative action is designed to test. Country Lands, Inc. v. Swinnerton,151 Conn. 27, 33 (1963).
The rationale for the exhaustion doctrine is two-fold: (1) it allows the issue to be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief; and (2) it relieves a court of the burden of prematurely deciding a question that may be satisfactorily answered through the administrative process.Loulis v. Parrot, 241 Conn. 180, 190-91 (1997).
Here, the plaintiffs have an appeal of the decision of Planning Director Oswald Inglese pending before the Ridgefield CT Page 11067 Zoning Board of Appeals.
If successful in that appeal, the plaintiffs would obtain the relief sought in this action: approval of their site plan application.
The administrative agencies of the Town of Ridgefield are in the process of determining whether the site plan proposed by the plaintiffs on December 23, 1998, is beyond the scope of the 1990 variance granted to Richard Amatulli.
Until that administrative process is concluded, the court can not entertain the plaintiffs' claims for declaratory relief, injunctive relief and relief in the nature of mandamus.
Since the claim for money damages is dependent upon a determination by the agencies that the plaintiffs have been unlawfully prevented from having an outdoor display and storage area on their premises, the claim for money damages is also premature.
The motion to dismiss, as to all of the named defendants, is granted.
Radcliffe, J.