## Harry Valante *v.* Sarah E. Valante

Cotter, C. J., Loiselle, Bogdanski, Peters and Parskey, Js.

Argued February 6—decision released May 13, 1980

*Andrew Chulick,* for the appellant (defendant).

*Abraham I. Gordon,* with whom, on the brief, were *Richard S. Scalo* and *David M. Spinner,* for the appellee (plaintiff).

PARSKEY, J. In this action for a dissolution of marriage, the trial court rendered a decree dissolving the marriage and awarded custody of the two minor children to their mother, the defendant, while the plaintiff was ordered to pay child support of $120 per week. The decree further provided for the sale of the jointly owned family home when the youngest child attains the age of 18, with equal division of the proceeds, and equal division of all personal property not needed by the children for their personal use. In the event the parties could not agree upon the division of the personal property the family relations division of the Superior Court was ordered to decide the division. No alimony was awarded. In her appeal the defendant claims that, in determining the disposition of property and the question of periodic alimony, the court failed to give adequate consideration to the criteria set forth in General Statutes §§ 46b-81 and 46b-82. She also claims that the court exceeded its jurisdictional authority when it reserved certain personal property for the children's use and when it delegated to the family relations division the authority to divide the other personal property if the parties could not reach an agreement.

The defendant first contends that the court could not properly decide the questions of periodic alimony and the assignment of property because it lacked sufficient information respecting the value of the plaintiff's interest in a closely held corporation, in his life insurance policies and in his pension rights. This position is curious. In addition to having access to the plaintiff's financial affidavit, the defendant was given a full opportunity to cross-examine the plaintiff at length regarding his financial circumstances. Further, the defendant had the

opportunity to explore the plaintiff's financial circumstances through a variety of discovery procedures. Optimal use of the resources might well have generated additional pertinent facts for the court's consideration. From the defendant's failure to elicit such information, however, it in no way follows that the court acted on insufficient evidence. Reviewing the record in this regard, we find that there was sufficient financial information before the court for it to fashion the appropriate orders on the financial aspects of the case.

The defendant next argues that the court did not give sufficient consideration to the statutory criteria established by §§ 46b-81 and 46b-82. The court ordered the proceeds of a future sale of the family residence divided equally, an equal division in kind of the personal property and no periodic alimony. The thrust of the defendant's argument is that had the court given sufficient weight to, inter alia, the length of the marriage, the relative financial circumstances of the parties, the defendant's limited employability and the defendant's condition of health, it would have either made a more favorable distribution of the family assets in the defendant's favor or would have ordered periodic alimony.

To begin with, our alimony statute does not recognize an absolute right to alimony. General Statutes § 46b-82; *Thomas* v. *Thomas,* 159 Conn. 477, 486, 271 A.2d 62 (1970). "This court has reiterated time and again that awards of financial settlements ancillary to a marital dissolution rest in the sound discretion of the trial court." *Posada* v. *Posada,* 179 Conn. 568, 572, 427 A.2d 406 (1980). Although the court is required to consider the statutory criteria of length of marriage, causes for dis-

solution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisition of assets of each of the parties; *Fucci* v. *Fucci,* 179 Conn. 174, 179, 425 A.2d 592 (1979); no single criterion is preferred over all the others. In weighing the factors in a given case the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations the financial circumstances, both actual and potential, are entitled to great weight.

In this case the defendant has employable talents. She is regularly employed as a comprimario or secondary lead singer at the Metropolitan Opera Company. In addition to her regular income, the defendant receives compensation when she goes on tour and when she appears on television and radio. Although the defendant claims that her condition of health makes her future employability problematic, this issue was disputed. The defendant lives at the family residence in Westport and maintains an apartment in New York City near her place of employment. When the family home is sold the defendant not only will receive half of the proceeds, but also will save the substantial cost of maintaining and commuting between two homes. The major asset of the parties is the family residence. While it is true that the plaintiff's income is substantially greater than the defendant's, taking all the factors into account we cannot hold that the court could not have reasonably concluded that an equal division of the real estate and the household furnishings, with no periodic alimony was an equitable result.

With respect to the claim that the court exceeded its jurisdictional authority by setting aside certain personal property for the use of the minor children, we conclude that the order was proper. Under General Statutes §§ 46b-56 and 46b-84, the court is authorized to make orders regarding the maintenance of the minor children of the marriage. The word "maintenance" means "the provisions, supplies, or funds needed to live on." Webster, Third New International Dictionary. It is synonymous with support. See *Paquin, Ltd.* v. *Westervelt,* 93 Conn. 513, 515, 106 A. 766 (1919). Such orders may be in kind as well as in money. See *State* v. *Moran,* 99 Conn. 115, 119-20, 121 A. 277 (1923). The court did not order that personal property be assigned to the children as the defendant claims, but rather it merely determined that certain property would remain available for their use. Such an order easily falls within the ambit of §§ 46b-56 and 46b-84.

Finally, we consider the court's order authorizing the family relations division to divide the personal property in the event that the parties could not agree on a division. General Statutes § 46b-81 authorizes the court to assign to either the husband or wife all or any part of the estate of the other. Section 46b-3 empowers the judges of the Superior Court to appoint domestic relations officers and to determine their duties. Practice Book, 1978, § 481 (e) authorizes these officers to "attempt the reconciliation and adjustment of differences between the parties to dissolution of marriage." There is no authority given to a domestic relations officer to resolve differences by rendering a decision concerning a property distribution. The rendering of such a judgment is a judicial function and can be accomplished only by one clothed with judicial

authority. Domestic relations officers are authorized by rule to investigate and report, but not to decide. Practice Book, 1978, §§ 481 (b) and 481 (c). Insofar as the decree directed the family relations division to exercise powers which those officers do not possess, it was clearly erroneous and must be modified to reflect that if the parties cannot agree on a division of the personal property not needed for the children's use, the matter is to be referred to the family relations division for investigation, conciliation and report.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified in accordance with this opinion.

In this opinion the other judges concurred.