[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for legal separation brought by the plaintiff wife against the defendant husband. The parties were married February 13, 1981 in Greenwich, Connecticut and separated on May 5, 1989. This action was commenced on June 20, 1989 by personal service upon the defendant. There is one child issue of the marriage, Clifford John Caruso, born July 12, 1981.
The plaintiff is forty years of age, and she describes her health as excellent. However, she has had a back injury and cannot lift trays as she would have to do in waitressing (she had been a waitress in the past) or the heavy lifting of buckets of ice in bartending (she had worked as a bartender in the past). Until May of this year, she had been employed by Dallister Radiation as office manager and secretary. She had worked for Dallister since 1987, and when the business terminated, she was earning $27,000.00 per year. She is trained in word processing and has computer skills. She is registered with four employment agencies and is seeking employment as a secretary.
In addition to her employment as a secretary, the plaintiff trains, shows and breeds Golden Retrievers. She teaches a dog obedience course at the Norwalk Hospital three CT Page 8136 nights each week other than during the summer. Over the past three years the "dog business" has actually lost $4,000.00.
When they married, the parties each had no assets and no liabilities. The defendant, however, had worked as a police officer for the Town of Greenwich since February, 1972, and at the time of the marriage, his retirement plan had an estimated value of $57,600.00. Since the marriage, the plaintiff has inherited money and received money upon the settlement of an accident case for injuries incurred in an accident which I occurred prior to the marriage. She received $19,000.00 upon settlement of her accident case in 1982 and $36,000.00 from her aunt in 1982. In 1987 or 1988 she inherited a condominium in Florida, some stock, a mutual fund and $10,000.00 in cash from her grandmother.
The plaintiff sold the condominium in December, 1990, for $26,000.00 and paid off part of a car loan, paid bills and her attorney's fee. The $4,500.00 in Fairfield County Savings Bank is part of the balance of that inheritance. She sold some of the shares of the Colonial Mutual Fund and retains the balance.
Clifford will be entering sixth grade at Kendall Elementary School. He has a learning disability — a problem of retaining — and was tutored during the summer and will have tutoring in the fall. He has a babysitter after school since the plaintiff anticipates returning to full time employment again.
It is the plaintiff's claim that the marriage has broken down because of the defendant's "drinking problem." He works the 11:00 p.m. to 7:00 a.m. shift and, therefore, sleeps during the day. When she would come downstairs in the morning, she would find him "fairly intoxicated" and asleep in his chair. She testified he became verbally abusive when she tried to wake him. She testified that he admitted on one occasion that he was an alcoholic and would seek counseling. However, he never did so. She testified that on another occasion he punched a hole in the dining room wall and threw chairs. She has asked him to return to the house on three occasions, and he has replied that he did not wish to return.
The parties jointly own the real property at 25 Beverly Place in Norwalk. This property was purchased in December, 1982 for $86,000.00 with a mortgage of $55,000.00. The down payment came from the money the plaintiff had inherited from her father and her aunt. The property has been appraised for $135,000.00 (see plaintiff's exhibit F) and needs repair work done in the kitchen and bathroom on the second floor. The CT Page 8137 so-called "mud room" has been damaged by one of the dogs. The house is now in a state of needing work done. (See plaintiff's exhibits E and F.)
The defendant is a police officer in the Town of Greenwich and has been so employed for nineteen and a half years. He is eligible for retirement at half his average pay for his last year of employment at twenty (20) years. He has sustained back injuries on the job (a disc in the lumbar area and a disc in the cervical area) and may be eligible for a disability pension which could be somewhat more than straight retirement pay. In his present position his gross annual pay amounts to $42,000.00 (including some overtime, shift differential, holiday and vacation pay, educational credits and "shooting" pay). In addition, the defendant works at Manero's part time and earns $9,775.00 annually and works at People's Bank in Riverside and earns $2,496.00 annually in this job. He also serves as a security guard for Pray Automotive Corporation and receives free rental of a small historical building upon the premises. The court values this rental at $300.00 per month or $3,600.00 per year. This results in a gross income of $58,016.00 per year or $1,115.00 per week. Based upon the child support guidelines, this computation results in a figure for child support of $220.00 Per week
The defendant has submitted figures for child support of $175.00 per week upon the assumption that the plaintiff has a productive capacity of $400.00 per week and without including a figure for the reasonable value of Officer Caruso's in kind compensation from Pray. The inclusion of such in kind compensation is proper. See Child Support Guidelines, issued by the Commission for Child Support Guidelines, January, 1991, effective March 1, 1991, page 10, para. (c)(1)(A) — "in kind compensation."
The defendant denies that he is an alcoholic. His explanation was that, like other people when they come home from work, he has a cocktail. Since he comes home around 7:30 a.m., he has a cocktail and so smells of liquor when his wife comes down in the morning and finds him asleep in the chair. He has never missed any time from any of his jobs because of his drinking.
The parties have litigated the issues of property division, alimony and support. The two principal assets of the parties are the defendant's pension and the family home. A pension evaluator has valued the pension at $182,793.00 with a value of $67,600.00 on the date of the marriage of the parties, for a value now he attributes during the marriage of $125,193.00 (see plaintiff's exhibit C). The home is now worth CT Page 8138 approximately $135,000.00 and is subject to a first mortgage of $52,000.00 and a home equity loan of $16,000.00 for a net equity of $67,000.00. The pension evaluator valued the pension as if the defendant retires after twenty years of service at 45 years of age with a life annuity worth $1,359.00 per month. On this basis, the pension valuation is considerably higher than its present paid in value. There was no evidence of what that present paid in value would be.
In considering the issues of alimony and division of property, the court must be guided by the criteria of 46b-81
and 46b-82 of the General Statutes. With respect to alimony and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271, A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential are entitled to great weight.
Valente v. Valente, 180 Conn. 528, 530 (1980).
Since "[i]t would serve no useful function to require, the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr,183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." (Sections 46b-82
and 46b-81 (c) of the General Statutes.) Weiman v. Weiman, 188 Conn. 232, CT Page 8139 234 (1982).
The court, in addition to the foregoing, finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. The marriage of the parties has broken down irretrievably.
4. Neither party is more at fault than the other for the breakdown of the marriage.
The court has concluded that the money which the plaintiff has received during the marriage has contributed to the living arrangements of the parties, has increased their standard of living, and contributed to the plaintiff's avocation of breeding, raising and training dogs. The court also has concluded that the defendant has earned his pension when he retires, whenever that may be, and that he ought to enjoy whatever benefits he realizes from that pension. The court notes that the defendant has paid the house mortgage for eight years. The court considers a fair division of the marital property to be that the defendant keep his pension, the plaintiff have the house, and the defendant be responsible for the home equity line of credit of $16,000.00.
Having considered the evidence, applicable case law and the criteria of 46b-81, 46b-82 and 46b-84 of the General Statutes, the court enters the following orders:
1. A decree of legal separation shall enter on the grounds of irretrievable breakdown of the marriage.
2. The plaintiff shall have sole legal custody of the minor child, Clifford Caruso, born July 2, 1981. The defendant shall have rights of reasonable visitation upon reasonable notice.
3. The defendant shall quit claim all of his right, title and interest in and to the real property at 25 Beverly Place, Norwalk, Connecticut to the plaintiff. The plaintiff shall be responsible for and pay the first mortgage and shall indemnify and hold harmless the defendant from any claim or demand thereon.
4. The defendant shall be responsible for and pay the home equity line of credit encumbering the 25 Beverly Place, CT Page 8140 Norwalk, real property and indemnify and hold harmless the plaintiff from any claim or demand thereon. The home equity line of credit may be paid by the defendant as he chooses, but must be paid in full at such time as the real property is sold or disposed of by the plaintiff. The plaintiff shall give notice in writing to the defendant sixty (60) days prior to the date for transfer of title of said property.
5. The defendant shall pay to the plaintiff by way of alimony the sum of Two Hundred Fifty ($250.00) Dollars per week terminable upon the earliest to occur of the following events: the death of either of the parties, the plaintiff's remarriage, the plaintiff's cohabitation as defined pursuant to the provisions of 46b-86 (b) of the General Statutes, or July 2, 1999. The court orders a contingent order for wage withholding, the parties having executed a waiver of the provisions of 52-362 of the General Statutes. Upon the plaintiff's return to full time employment, the alimony shall reduce to One Hundred Fifty ($150.00) Dollars per week terminable under the same conditions as noted above. The award of alimony is not nonmodifiable as to term and amount.
6. The defendant shall pay to the plaintiff by way of support for the minor child the sum of Two Hundred Twenty ($220.00) Dollars per week. The court orders a contingent order for wage withholding on this order also, the parties having executed a waiver of the provisions of 52-362 of the General Statutes.
7. Except as herein provided, the plaintiff shall retain all other assets shown on her financial affidavit of August 13, 1991, free from any claim of the defendant.
8. Except as herein provided, the defendant shall retain all other assets shown on his financial affidavit of July 26, 1991 including his pension, disability benefits, and all benefits of his Town of Greenwich Retirement System free from any claim of the plaintiff.
9. Except as herein provided, each of the parties shall be responsible for and indemnify and hold harmless the other party from all liabilities shown on his or her respective financial affidavits.
10. The defendant shall name the plaintiff as beneficiary of his life insurance benefits under the coverage provided by the Town of Greenwich for so long as he is obligated to pay alimony. He shall name the plaintiff as Trustee for the CT Page 8141 child as beneficiary of the term life insurance policy in the amount of $20,000.00 as disclosed in his financial affidavit for so long as he is obligated to pay support.
11. The defendant shall maintain the plaintiff on his medical insurance coverage as provided through his employment for so long a period as the policy and the law permits at the plaintiff's expense, if any.
12. The defendant shall maintain such medical and hospital insurance benefits as he has available through his employment for the benefit of the minor child. Any uninsured or unreimbursed medical or dental expenses that may be incurred for the minor child shall be shared equally by the parties. The plaintiff shall have the benefit of the provisions of 46b-84 (c) of the General Statutes.
13. The plaintiff shall have restored to her her maiden name of Christine Lowthian.
14. Each party shall pay hers or his own counsel fees.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE