[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on March 8, 1985. They had dated for three years prior to their marriage and commenced living together. The plaintiff was employed as a restaurant hostess when the parties first met. She subsequently went to work in the defendant's family bakery for a period of three years prior to their marriage. She earned $150.00 per week and worked a six day week. In 1983 the defendant and his father purchased the real property at 122-124-126 Peck Avenue in West Haven, which was subsequently conveyed to the plaintiff and the defendant after their marriage in 1986. In October 1985 the parties purchased the property across the street at 127-129 Peck Avenue.
On July 17, 1986, their child Christina was born. She is now 51/2 years old and is attending kindergarten for one-half day sessions. The plaintiff is presently living in what has been described as the "little house" at 126 Peck Avenue beside the two-family home at 122-124. Except for work at the bakery from time to time, the plaintiff has not worked since Christina was born. The uncontroverted evidence is that Christina is insecure and cannot be left alone except with the plaintiff's mother. The plaintiff's mother lives in the first floor apartment in the house next door (122-124 Peck Avenue) but works full time and, therefore, is unavailable for baby sitting until after work. It is necessary at present for the plaintiff to be available for Christina's care.
In March of 1987 the defendant became very ill and was taken to Yale New Haven Hospital. He was diagnosed as having severe viral meningoencephalitis. (See defendant's Exhibit 1). He was in Yale New Haven Hospital for three weeks and then in Gaylord for three months and was an outpatient in the summer of 1987. He continues to suffer from dementia and seizures. Dr. Berv notes that the defendant has approximately eight seizures a month. (Defendant's Exhibit 1).
The defendant is thirty years of age. Because of the dementia which interferes with his performance, he is permanently and totally disabled from all jobs. He is not permitted to drive. Because he has worked for his father in the family bakery since he was fifteen years of age, as a baker, he is totally familiar with that kind of work and does work a forty to forty-five hour work week. So long as his work remains the same, he can function and CT Page 447 is productive. He receives social security disability of $160.00 per week. The defendant appeared alert and perfectly normal. There is no apparent physical disability. He was able to impart information regarding his properties and their mortgages, the nature of his work and the number of employees at the bakery. He is a high school graduate. He moved out of the family home at the end of the summer in 1990 and lives with his parents. His father is taking care of all the finances.
The plaintiff is twenty-nine years of age. She has a ninth grade education. Her work history is as a restaurant hostess at $150.00 per week for a six day work week and in the bakery at $150.00 per week for a six day work week. Her earning capacity, at least at present, is no greater than that demonstrated by the past. Consideration must be given to the desirability of her securing employment considering Christina's necessary care. The plaintiff has testified she spends her day cooking and cleaning.
The defendant's father has managed the family finances since the defendant's illness. He pays the defendant $150.00 per week for his work in the bakery but of this amount $100.00 has been paid to the plaintiff together with the social security checks. The social security checks amount to $227.00 per week. The plaintiff has managed on the $327.00 per week amount without, however, having to pay rent, insurance or taxes on the home in which she is living. The rents from 222, 224, 227 and 229 Peck Avenue have all been collected by the defendant's father, and the mortgages, taxes and insurances all paid by him. In addition to the Peck Avenue property, the defendant and his father own a condominium at Elm Commons in West Haven. This is occupied by the defendant's sister and no rent is collected for this property. The defendant's expenses as shown on his financial affidavit and his liabilities are all paid by his father.
The defendant maintains that the marriage broke down because the plaintiff had a boy friend. The plaintiff, on the other hand, has testified that the marriage became unbearable after the defendant's illness in 1987 and then her illness two years later. At that time she moved out of the house and went to live with her mother for a couple of weeks. She received medical treatment, was insecure, suffered from anxiety and lost weight. She testified that it got to the point where they were both sick. The court finds that the marriage has broken down irretrievably without the fault of either party.
The parties have each agreed that the plaintiff should receive the property at 122-124-126 Peck Avenue, that the defendant's ownership of the condominium at Elm Commons be free and clear of any claim by the plaintiff and that the plaintiff convey all of her right, title and interest to the property at CT Page 448 127-129 Peck Avenue to the defendant.
The parties have agreed that custody of Christina should be with the plaintiff and that the defendant should have rights of reasonable visitation upon reasonable notice. The court agrees with the parties on the foregoing. Where the parties disagree is upon the issues of alimony and support. The defendant argues that the plaintiff can seek employment once Christina is in school full time beginning in September 1992. The plaintiff has indicated that she intends to look for a job at that time but that her work hours will be limited to those hours when Christina is in school. The court must consider the current situation, the current income and the current expenses of the parties in fixing the amounts of alimony and support. See Rubin v. Rubin, 204 Conn. 224, 236
(1987); Watson v. Watson, 20 Conn. App. 551 (1990). The court in reaching a decision in this matter must consider all of the criteria of 46b-81, 46b-82 and 46b-84 of the General Statutes. Because of the unusual circumstances of the defendant's earning ability, it is not a case where the Family Support Guidelines apply. The decision must be made upon the statutory criteria. The following language from the Supreme Court decision of Valente v. Valente, 180 Conn. 528, 530 (1980), perhaps best sets forth the law in this regard:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 281 A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, and occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citations omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980.
While the plaintiff and the defendant have the obligation for the support of Christina until she is eighteen or earlier CT Page 449 emancipated, the length of time for the defendant to be obligated to pay alimony to the plaintiff is a different matter to decide. The marriage, in reality, was a short one. By the court's orders with respect to property, the plaintiff will be receiving real property with an equity of $30,000.00, the 1988 Volkswagen automobile valued at $5,000.00, of the total family assets of $57,000.00. Alimony in this case must be based upon what is workable for the plaintiff in the short run. She will be entitled to collect the rents at 122 and 124 Peck Avenue. These amount to $962.00 per month. The mortgage, insurance and taxes on this property amount to $1,384.00 per month. This results in a short fall of $422.00 per month. The court finds her monthly expenses of $275.50 to be fair and reasonable. The plaintiff did not, however, list her expense for heat which she estimated at $70.00 on the average. Her requirements, therefore are $492.00 per month in addition to the $275.50 per week, or $390.00 per week. The plaintiff receives $190.00 per month by way of social security disability for Christina, which reduces to $44.00 per week. This results in a need for the plaintiff of $350.00 per week by way of alimony and support. In view of the fact that the alimony award is fashioned entirely upon the plaintiff's current needs, the relative short duration of the marriage and a division of property more favorable to the plaintiff, it is fair and equitable that the alimony order be terminated after five years. However, considering the plaintiff's future opportunities, the court is not going to make its termination of alimony non-modifiable.
In addition to the foregoing findings, the court finds as follows:
1. There is the requisite jurisdiction;
2. The allegations of the complaint have been proved and are true;
3. The marriage has broken down irretrievably;
4. The breakdown has occurred without the fault of either party.
Having considered all of the evidence and all of the factors of 46b-81, 46b-82 and 46b-84 of the General Statutes, the court enters the following orders.
1. A decree of dissolution of marriage shall enter on the ground of irretrievable breakdown of the marriage.
2. Custody of the minor child, Christina, shall be with the plaintiff. The defendant shall have rights of reasonable visitation upon reasonable notice. CT Page 450
3. The defendant shall pay to the plaintiff by way of alimony, an amount of Two Hundred ($200.00) Dollars per week, terminable upon the earliest to occur of the following events: the death of either of the parties; the plaintiff's remarriage; or five (5) years from the date hereof. The effective date of this order shall be February 1, 1992. Until then the pendente lite arrangement of the parties shall continue.
4. The defendant shall pay to the plaintiff by way of support, the sum of One Hundred and Fifty ($150.00) Dollars per week commencing February 1, 1992. Until then, the pendente lite arrangement of the parties shall continue.
5. The defendant shall maintain hospital and medical insurance for the benefit of the minor child. The plaintiff shall have the benefit of the provisions of 46b-84 (c) of the General Statutes.
6. Any uninsured or unreimbursed medical or dental expenses shall be shared equally by the parties.
7. The defendant shall maintain life insurance with payment upon death benefits of Forty Thousand ($40,000.00) Dollars, naming the plaintiff as trustee for the minor child, irrevocable first beneficiary thereof, for so long as he is obligated to pay support. He shall furnish proof to the plaintiff of the maintenance of such policy and its designation of beneficiary in the month of January of each year.
8. The defendant shall quitclaim all of his right, title and interest in and to the real property known as 122-124-126 Peck Avenue, West Haven, to the plaintiff. The plaintiff shall be responsible for and shall indemnify and hold harmless the defendant upon the existing mortgage upon the property. Such transfer of title shall occur on February 1, 1992. The plaintiff shall be entitled to the rents for the month of February and any security deposits or advance payment of rents shall be paid to the plaintiff by the defendant. Real property taxes and homeowners' insurance shall be adjusted in customary fashion for the Town of West Haven as of February 1, 1992.
9. The plaintiff shall quitclaim to the defendant all of her right, title and interest in and to the real property known as 127-129 Peck Avenue, West Haven, and he shall indemnify and hold harmless the plaintiff from any claim or demand upon the first mortgage, and any other liens or encumbrances upon said property. The rents and security deposits of tenants shall be wholly the defendant's. CT Page 451
10. The real property interest of the defendant at Elm Commons condominiums in West Haven shall be free of any claim or demand by the plaintiff.
11. The defendant shall assign and transfer to the plaintiff the 1988 Volkswagen automobile presently in the plaintiff's possession and this shall be hers free of any claim or demand by the defendant.
12. The defendant's IRA and his account at West Haven Teacher's Credit Union shall be his free of any claim or demand by the plaintiff.
13. The checking account of the plaintiff's at Connecticut Bank Trust shall be hers free of any claim or demand by the defendant.
14. Such other personal property as is in the possession of each of the parties shall be the property of the possessor free of any claim or demand by the other party.
15. Each party shall be responsible for the liabilities listed on her or his financial affidavit and shall indemnify and hold harmless the other party from any claim or demand thereon.
16. Each party shall pay his or her own counsel fees.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE