[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This vigorously contested dissolution matter came to the Court by complaint of Joseph Zarate (hereinafter plaintiff/father) dated July 12, 1990, against Paula Zarate (hereinafter defendant/wife), wherein the plaintiff claimed a dissolution of the marriage and other related relief.
The sheriff's Return indicates that the defendant was served in hand on July 13, 1990 by her attorney Ellen Giannini accepting service. A motion for referral of custody CT Page 5111 questions to the Family Relations Division of the Superior Court was granted on August 20, 1990. Various pendente lite orders were issued and extensive hearings were held relating to matters of custody and visitation with orders issued and conclusions reached as appear of record.
All parties are represented by counsel. Attorney Connolly appeared at the hearing for the minor children: Mary Zarate, Jennifer Zarate and Audia Zarate. The appearance of the Attorney General of the State of Connecticut is noted in the file and a report from the Attorney General's representative was given at the hearing. All parties appeared in court at the time scheduled for the trial of the dissolution matter in Norwich on May 29, 1992 before this Court.
Financial affidavits were filed by the parties as required by the rules together with child support guideline worksheet, advisement of rights relating to wage withholding and a custody affidavit. A motion to modify the complaint was granted by agreement of the parties to correct the complaint.
Joseph Zarate testified to the facts necessary for a determination of the jurisdiction of the Court and the irretrievable breakdown of the marriage.
The parties stipulated that because of prior payments from the State of Connecticut, there is a present arrearage in the amount of $4,281 (subject to correction), and pursuant to the said agreement, the plaintiff is ordered to pay to Mrs. Zarate and the State of Connecticut as their interests appear the amount of $5.00 per week by a wage withholding until that amount is paid.
The parties each filed trial memoranda and/or proposed orders. An extensive oral argument was had with regard to the issues in the case.
The parties stipulated with regard to many of the factors required to be considered pursuant to the provisions of Sections 46b-81 and 46b-82 of the General Statutes particularly relating to the length of marriage, the age, health, education and station of the parties and facts relating to employment and sources of income. The Court will consider the statutory factors to the extent that evidence and/or stipulations of facts were received relating to the same.
The attorneys argued vigorously relating to the CT Page 5112 cause of the breakdown of the marriage, and a considerable portion of the trial memorandum of the defendant was devoted to claims relating to the alleged violence of the plaintiff, the involvement of the police and the Department of Children and Youth Services. Mr. Zarate did not deny that the marriage involved violent activities but claimed that both parties shared in the responsibility for the same.
Based upon the stipulated facts, it appears that this is a 25-year marriage. The plaintiff father is 53 years old. The defendant mother is 48 years old. The plaintiff claims a diabetes condition with related eye problems. The defendant claims no health problems. The plaintiff is employed as an outside electrician at Electric Boat. The defendant is unemployed having most recently held a position in the sorting department at Mystic Color Lab from April 1986 to July 1990. The amount and sources of income are reflected on their affidavit indicating that the plaintiff earns net weekly wages of $510.68 whereas the defendant's only income at this time is related to food stamps and child support payments. The parties' vocational skills and employability are considerably different with the plaintiff enjoying an advantage of a greater education and employment history. This factor is also related to their opportunity for the future acquisition of capital and income.
The parties' youngest child, Audia Zarate, born March 26, 1984, requires special attention as appears in the file and consideration of that factor as it relates to the custodial parent is appropriate.
The appellate courts of our state have made it clear that "fault" or the cause of the breakdown of the marriage is only one factor of many and may not he singled out and overemphasized by the Court in determining its orders. See Valante v. Valante, 180 Conn. 528, 531 (1980). "No single criteria is preferred over all the others."
Because of the factual situation in this case, the Court finds the issue relating to the causes of dissolution to be a neutral factor (no stipulation can be found in the factual presentation).
A review of the financial affidavits of the parties suggests that the only assets involved of any substance are the plaintiff's Control Data Corporation pension plan having a value of $29,177.69 and the defendant's 401K plan having a value of $4,982.58. The marital residence of the parties, having been foreclosed and the law day having passed, there is no ownership of the real estate in the parties. CT Page 5113
The defendant's lack of present employment has not been adequately explained with all children being of school age and able to attend school (notwithstanding disabilities). The Court will therefore consider the capacity of the defendant to be employed in the structuring of the orders of the Court.
The parties are found to have resided in Connecticut for more than one year prior to the institution of the action so as to satisfy the jurisdictional requirements of law (Section 46b-44, Connecticut General Statutes).
Based upon these considerations, it is found that the marriage has broken down irretrievably and a decree of dissolution may enter.
In this case, having heard the recommendations of the attorney for three of the minor children and considering the proposed orders advanced by the other parties, the Court is persuaded that the custody and visitation orders suggested by counsel for the minor children is appropriate and in the best interests of the minor children. Therefore, the Court orders that custody of the three minor children shall be with the defendant mother. The plaintiff father shall enjoy rights of reasonable visitation as follows:
1. The second and forth weekends of each month from Friday at 6:00 p.m. overnight until Sunday at 6:00 p.m.
2. If there is a fifth weekend in any month, the father shall have visitation on that weekend for the same hours.
3. Every Wednesday from 4:00 p.m. until 7:30 p.m.
4. Thanksgiving on odd years from 9:00 a.m. until 4:00 p.m.
5. Christmas in even years from 9:00 a.m. until 8:00 p.m.
6. Father's Day from 9:00 a.m. until 8:00 p.m.
7. One week during each summer to coincide with his vacation upon thirty days advance written notice to the mother by certified mail return receipt requested.
If any regularly scheduled school or sports CT Page 5114 activity of any child falls at a time this schedule provides for visitation, the plaintiff shall take the child to the event in lieu of visitation or may elect to waive visitation on that occasion.
Each party is ordered to provide the other party with written notice of their telephone number, address and employment information and any changes as they occur from time to time. Each party is ordered to send the other party a copy of their federal income tax return by certified mail return receipt requested on or before April 15th of the following year the due date for the said return.
The plaintiff father is ordered to pay support to the defendant mother for the children in the amount of $240 a week or $80 per child per week. The plaintiff husband is ordered to provide and maintain medical insurance for the benefit of the minor children as available to him at his place of employment and the parties shall divide equally any uncovered medical expenses of the minor children. The provisions of Section 46b-84c shall be incorporated into the judgment. The child support shall be paid by way of an immediate wage withholding.
The plaintiff is ordered to pay to the defendant the amount of $1.00 per year alimony.
The defendant's right, title and interest to the Control Data Corporation deferred compensation plan identified on his financial affidavit as having an approximate value of $29,177.69 shall be divided (by Quadro) with the defendant wife receiving 60 percent and the plaintiff husband receiving 40 percent at the time he attains the age of 65 years or earlier retires. The parties are ordered to cooperate in the preparation and submission of the qualified plan order. The plaintiff shall have no claim to the defendant's 401K account.
The plaintiff is ordered to maintain the existing life insurance available through his place of employment with the three minor children as irrevocable beneficiaries thereon until the youngest reaches the age of 18 with the defendant as the trustee.
The plaintiff shall provide annually to the defendant written verification of the beneficiary designations on the life insurance as above.
Each party is ordered to be responsible for their own legal fees. CT Page 5115
The plaintiff is ordered to he responsible for and to make some arrangements for periodic payments consistent with his financial abilities for the liquidation of the following debts as shown on the defendant's financial affidavit: Dick's Refuse, Town of Montville, Yankee Gas, CLP, and one-half of the 1990 property taxes for a total of $3,268, provided, however, that this order shall not be construed so as to relieve either party of any personal liability they may have to the creditor, and provided further that this order shall not be interpreted to require the plaintiff to make immediate payment thereof.
The parties shall be equally responsible for fees for the children's attorney and each of the parties shall be required to contact those creditors directly to work out a payment plan for their one-half of the obligation except that this order shall not be construed to apply to the legal fees of Attorney Connolly who will receive compensation from the Judicial Department pursuant to Connecticut General Statutes Section 46b-62.
No order is entered with regard to the family residence at 15 Massachusetts Avenue, Oakdale, Connecticut, or any obligation that may arise as a result of the foreclosure of the same.
Each party shall keep their respective motor vehicles as shown on their financial affidavits.
The defendant wife shall keep all personal property and furnishings in the family home except the following which is hereby awarded to the plaintiff husband and shall he returned within fifteen days through the presence of a third party on prior notice at a reasonable time:
 1. Any and all textbooks and manuals relative to electronics.
 2. All Control Data equipment manuals and prints.
 3. Plaintiff husband's father's tools, hammer, saw and hatchet.
 4. Plaintiff husband's father's crucifix and funeral pictures.
 5. Plaintiff husband's mother's belongings, Japanese doll case, CT Page 5116 mantilla, castanets, votive candles and picture with frame.
 6. Plaintiff husband's attache case and personal papers (bb-214, passport, baptismal certificate, birth certificate, etcetera).
7. Plaintiff husband's clothing.
So long as the plaintiff continues to make the support payments required herein, he shall have the right to claim the three children as exemptions for federal and state income tax purposes.
LEUBA, JUDGE