[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and for other relief brought to the Superior Court for the Judicial District of New Haven.
Many of the underlying facts in this matter are not in dispute. The plaintiff, whose maiden name was Lenora Jean Gambardella, and the defendant were married on July 22, 1988, at Hamden, Connecticut. The plaintiff has resided continuously in CT Page 3410 the State of Connecticut for at least twelve months immediately prior to the date of this complaint. The marriage between the parties has broken down irretrievably with no reasonable prospects of reconciliation. There are no minor children issue of the marriage and no minor children have been born to the plaintiff wife since the date of marriage of the parties. Neither party is a recipient of State assistance.
The plaintiff was 21 years old when the parties married. She has a Bachelor degree in accounting. Her present principle employment is as a bookkeeper, accountant and secretarial work. She also manages a condominium park association where she earns additional part time income. She has managed that association for approximately three to four years. The defendant was approximately 23 years old when the parties married. He has suffered from headaches over the last four and one-half years that occasionally affect his ability to work. He has a high school diploma and has not received any further college or vocational school education. He is employed as a sales person at Pedro, Inc., d/b/a Pete's Lu-Bal's. He has worked there since graduating high school. He has not received any raises for the last four and one-half years. His only source of transportation is a company truck.
The parties own a condominium at 365 Mather Street, Unit #157, Hamden, Connecticut. From the evidence presented, the court finds that the present value of the condominium is $66,000.00. The mortgage balance is $76,866.49, leaving a deficit equity of $10,866.49. The condominium is presently rented. The monthly rental leaves an approximate $150.00 shortfall toward paying the mortgage, taxes and condominium fees. The tenant in possession does not have a signed lease. The defendant is handling the rental receipts and expense payments. The condominium was purchased on or about May 31, 1988. The parties used joint savings of approximately $10,000.00 towards the purchase of the condominium, plus an additional $6,000.00 from wedding gifts. The purchase price was $96,000.00. The parties financed the balance of approximately $80,000.00 by a first mortgage. The parties resided in the condominium for approximately three and one-half years. During the time the parties resided together, they were each earning approximate equal amounts of income from their respective employment. The parties made some improvements to the condominium that were paid for from their joint savings account. The parties separated at the end of September 1992. The defendant has been paying the CT Page 3411 approximate $150.00 monthly shortfall on the condominium expenses. When the parties separated in September of 1992, they divided equally their joint savings account. The plaintiff owned motor vehicle when the present divorce action commenced. She sold it, and the parties divided equally the proceeds from the sale. The parties also own a home at 239 Rimmon Road, North Haven, Connecticut. That property was purchased from the plaintiff's parents. Her parents had resided there for approximately 23 years before selling the home to the parties. The plaintiff grew up in that home. The home was purchased in November 1991. The parties took possession on or about March 1, 1992. The reason for the delay between November 1991 and March 1992 was due to the fact that the plaintiff's parents' new home was not complete so they could not vacate until March of 1992. The purchase price of the Rimmon Road home was $183,500.00. The parties financed that through a $125,000.00 first mortgage and a loan from the plaintiff's parents in the amount of $18,500.00 that was paid off through a home equity loan in the amount of $18,500.00. The balance of $39,900.00 was characterized as a gift from the plaintiff's parents. The parties had closing costs of approximately $5,000.00 that was paid from joint savings. The first mortgage balance on Rimmon Road is $125,272.15, and the home equity loan balance is $16,610.00, for total liens of $141,882.15. The parties are in dispute as to the present value of the Rimmon Road home. The plaintiff's expert real estate appraiser testified that the value of the Rimmon Road home is $177,000.00. The defendant's expert real estate appraiser testified that the value of the Rimmon Road property is $192,000.00. The court finds that the present value of the Rimmon Road property, including improvements made by the parties, is $182,000.00. The equity in the family home is therefore $182,000.00, less $141,882.15, or $40,117.85. The parties made various improvements to the Rimmon Road home which the court finds have a value of $3,300.00. The improvements were paid from joint savings of the parties. The plaintiff's financial affidavit shows a student liability with a balance of $5,000.00 owed to Dime Savings. That debt was incurred by the plaintiff in pursuing her college degree. The plaintiff owns a 1989 Chevrolet Camaro with a value of $6,000.00 and a loan balance of $5,300.00. She acquired that vehicle in March of 1993. She borrowed the funds to purchase the vehicle and did not pay down any cash toward the purchase price. Her monthly payments on the vehicle amount to $166.00.
This court has considered and weighed the factors set forth CT Page 3412 in Conn. General Statutes 46b-81(c) in determining the issues of assignment of property, and has considered and weighed the factors set forth in 46b-82 in determining alimony. This court has also considered and weighed the factors set forth in 46b-62
in determining whether to grant attorney's fees.
ORDERS
The court hereby enters the following orders:
A. The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and each of the parties are hereby declared to be single and unmarried.
B. The court enters the following orders by way of alimony:
1. No alimony is awarded in favor of either party.
C. The court enters the following orders by way of assignment of property:
 1. The jointly held condominium property located at 365 Mather Street, Unit #157, Hamden, Connecticut, is ordered to be listed for immediate sale through a real estate broker. The plaintiff and the defendant are to be equally responsible commencing May, 1993, for any monthly deficiency between the rental payments of $675.00 and the mortgage, taxes, insurance and common charge payments of approximately $825.00. In the event of any deficiency as a result or a sale or foreclosure of the property, the parties are to be equally responsible for paying one-half of such deficiency and are to equally share any surplus as a result of such foreclosure or sale. The court retains jurisdiction over any disputes that may arise involving the property.
 2. The defendant is ordered to convey by quitclaim deed to the plaintiff forthwith his interest in the family home located at 239 Rimmon Road, North Haven, Connecticut. The plaintiff is ordered to execute a promissory note secured by a mortgage deed on the property at 239 Rimmon Road, North Haven, Connecticut, in favor of the defendant in the face amount of $10,000.00. of said amount, $5,000.00 is to be due and payable without interest on May 1, 1994, and the balance of $5,000.00 is to be due and payable without interest on May 1, 1995. In the event of a sale of the CT Page 3413 property or in the event of the commencement of a foreclosure action involving the property, or in the event the plaintiff no longer resides in the property, then in any such event upon the happening of the earliest of such event, the unpaid balance of the $10,000.00 is to be immediately due and payable. The plaintiff is to pay the first mortgage and the home equity mortgage on the property and hold the defendant harmless. The court retains jurisdiction over the language of the deed, promissory note, mortgage deed and any other disputes that may arise involving the property.
 3. In the event the parties are unable to agree on a division of the furnishings and furniture at the family residence, then the matter is referred to Family Relations in accordance with Valente v. Valente, 180 Conn. 528, 533
(1980), for investigation, conciliation and report. The court retains jurisdiction to resolve any issues regarding personal property that the parties do not resolve between them.
 4. The bank accounts shown on the plaintiff's financial affidavit are awarded to the plaintiff.
 5. The bank accounts shown on the defendant's financial affidavit are awarded to the defendant.
 6. The defendant is ordered to pay the People's Bank VISA liability shown on his financial affidavit and hold the plaintiff harmless.
 7. The plaintiff is ordered to pay the Dime Savings liability shown on her financial affidavit and hold the defendant harmless.
 8. The 1989 Chevrolet Camaro shown on the plaintiff's financial affidavit is awarded solely to the plaintiff. She is to hold the defendant harmless from the loan balance thereon.
 9. The plaintiff is to hold the defendant harmless from any claims made by either or both of her parents arising out of their advancing approximately $39,900.00 towards the purchase of the Rimmon Road property that was characterized as a gift.
CT Page 3414
D. The court enters the following order by way of attorney's fees.
 1. No attorney's fees are awarded in favor of either party.
E. Miscellaneous orders:
 1. The plaintiff is restored her maiden name of Lenora Jean Gambardella.
 2. Counsel for the plaintiff is ordered to prepare the judgment file and send it to counsel for the defendant for signature and filing.
Sidney Axelrod, Judge