[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on March 29, 1987. The plaintiff has resided continuously in this state for more than one year prior to the filing of this complaint and thus the court has jurisdiction. The parties have two minor children born of the marriage: Devon, born August 28, 1988 and Drew, born February 29, 1991.
The court has considered all of the factors enumerated in46b-56, 46b-56a, 46b-81, 46b-82 and 46b-84 and finds as follows:
1.) The allegations of the second count of the amended complaint have been proved.
2.) The marriage has broken down irretrievably.
3.) The plaintiff blames the defendant's financial irresponsibility, selfishness and inattentiveness to his family as the cause of the breakdown. The defendant attributes the breakdown to continuing inability of the parties to agree on matters material to their marriage. The court was unable to determine the actual cause of the breakdown.
4.) The plaintiff's primary complaint today is that the defendant squandered $76,000 in marital and children's funds by making inappropriate investments. In particular, she characterizes the defendant's purchase of stocks in the now defunct Norwalk Bank as speculative. Insofar as these purchases were made with joint funds the court disagrees because the defendant was an organizer, officer and full time employee of that fledgling bank. His relationship to that bank was similar to that which he would have had if he were starting his own business. As for the children's funds, the defendant owed them a duty to make reasonable and prudent investment decisions. As to them, these purchases did not satisfy that standard. CT Page 3307
5.) The defendant is a college graduate with an extensive career in banking. He is now employed in a marketing capacity by Seattle's Best Coffee at an annual salary of approximately $75,000. The plaintiff has both a bachelor's degree and an MBA. While at her present employment she earns in excess of $40,000 annually that will terminate at the end of March, 1994. Thereafter she estimates that she will be relegated to a job carrying a salary of $25,000 to $28,000. Her ultimate earning potential is however considerably greater than twenty eight thousand dollars.
Judgment may enter as follows:
1.) The marriage is dissolved on the grounds of irretrievable breakdown.
2.) Custody of the minor children is awarded to the plaintiff subject to reasonable, liberal and flexible rights of visitation to the defendant with the following restrictions:
a) There shall be no overnights for the first year.
b) For the first three years the children shall not be removed from the tri-state area of New Jersey, New York and Connecticut.
c) The defendant shall have visitation each Christmas Eve, all day Friday and Holy Saturday until 7 p.m.
d) The defendant shall notify the plaintiff of any change in expected visitation at least 48 hours in advance.
3.) The defendant shall pay to the plaintiff the following sums: a) $150 per week per child for support. The parties agree that this sum is in accordance with the Child Support Guidelines. b) $100 per week rehabilitative alimony for three years or such later time at which both children are enrolled in school full time. c) The arrearage in child support is found to be $1,621 and the defendant is ordered to discharge this arrearage at the rate of $30 per week. d) $339 in thirty days to reimburse the plaintiff for the defendant's medical insurance premium. e) $1,000 within sixty days to complete the plaintiff's share of the 1992 tax refund. f) reimburse the children for their loss on the Norwalk Bank stock, the sum of $14,000 at the rate of $25 per CT Page 3308 week per child, to be held by the plaintiff until each child reaches the age of 18 years, in an interest bearing custodial account under the Connecticut Uniform Gift to Minors Act to be used primarily for college educational expenses and secondarily for cultural and religious enrichment experiences. Valante v. Valante, 180 Conn. 528 (1980); Gallo v. Gallo, 184 Conn. 36
(1981).
4.) The defendant shall maintain medical insurance coverage for the children so long as it is available through an employer; such coverage shall include major medical, dental and vision care if available. The plaintiff shall have all of the rights and remedies available to her under 46b-84 (c) and both parties shall have all of the obligations imposed upon them by 46b-84c. All unreimbursed medical and dental expenses shall be divided equally between the parties.
5.) The defendant shall take out and maintain employee group life insurance through his employer in the amount of $100,000 per child. The policy shall be maintained unencumbered and each child shall be the irrevocable beneficiary thereof until reaching the age of 18 years.
6.) The parties shall exchange federal income tax returns within thirty days of their filing. The defendant shall be entitled to claim one of the children as a dependent and the plaintiff may claim the other on their tax returns.
7.) Each party shall be responsible for the payment of their individual liabilities as set forth on their respective financial affidavits.
8.) The parties shall consult with one another before making any decisions concerning a) which school(s) the children shall attend; b) whether to undergo any medical or major dental procedure other than an emergency; c) attendance at camp; d) travel abroad. In the event of disagreement the plaintiff shall have the authority to make the final decision. The parties shall report to one another any extraordinary event affecting the children within 48 hours after its occurrence.
9.) The parties shall retain all of their personal property now in their possession except that the plaintiff shall within thirty days make available to the defendant for pick up the following: CT Page 3309
 Four Shaker chairs Framed Shaker box print Reproduction Shaker clock All personal files A fair division of family photographs.
10.) The defendant is ordered to pay within 90 days the sum of $2,500 toward the plaintiff's counsel fees.
MOTTOLESE, J.