[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff husband against the defendant wife. The parties were married on October 14, 1992 in Washington, Connecticut. This action was commenced on March 21, 1994. The defendant has filed an answer and cross-complaint admitting that the marriage has broken down irretrievably and seeking a dissolution of the marriage.
This is the second marriage for each of the parties. The plaintiff is now retired and is 58 years of age. The defendant is 47 years of age. It is agreed that the parties lived together for 17 months. CT Page 9368
The plaintiff worked for IBM for 29 years. He took early retirement during the marriage and received a net retirement bonus of $47,000 in May, 1993. In June, 1994, he moved to Houston, Texas and rents a house there. He receives his pension from IBM and interest and dividends for a net weekly income of $700 per week. His weekly expenses as reported in his financial affidavit are $725 per week. His health is generally good although he has suffered from depression and emotional distress and, during the marriage, from kidney stones and prostrate problems.
At the time of the marriage, the defendant was employed as an administrative assistant at Southbury/Middlebury Community Youth Council. She has been so employed for six and one half years and continues in that employment today. She earns $20,000 per year in this position. At the time of the marriage, she was receiving alimony from her first husband of $800 per month. Upon her remarriage, this reduced to $400 per month and continues in that amount to August 31, 1997 reducing to $250 per month to August 31, 1998. (See plaintiff's exhibit A.) Pursuant to the judgment upon the dissolution of her marriage, she was also to receive one third of her previous husband's Air Force pension commencing at age 60 in an amount approximating $550 per month. Her health is generally good and does not interfere with her ability to work. She does suffer from an atrophy and partial paralysis of her right hand which she says is caused by nerve damage at the top of her spine.
The marriage of the parties, as admitted by the pleadings, has broken down irretrievably. The plaintiff has described the breakdown as "the magic flew away"; the defendant describing the breakdown as "the bloom has gone off the rose." While the defendant has attributed the breakdown to the plaintiff's physical problems immediately prior to and during the marriage, the plaintiff attributes the breakdown to a failure of communication. The court does not attribute fault to either party, but simply finds that the marriage has broken down.
The parties came into the marriage with equal assets. While the defendant had $60,000 in savings, which is now reduced to $31,000, she gave $10,000 to her daughter of her first marriage, paid off the loan on her car of $10,000, paid off a credit card of $7,000 and paid $8,000 in attorney's fees. The plaintiff's total assets have increased from $211,000 to $227,000. The defendant's total assets are $119,000.
The defendant seeks alimony of $100 per week for five years, seeks $550 per month as a property settlement commencing upon her turning age 60, seeks attorney's fees of $9500 and $20,000 as reimbursement for CT Page 9369 capital gains tax which she incurred on the sale of her former marital home apparently on the theory that she and the plaintiff did not buy a home so she could "roll over" her share of the realized gain. Plaintiff, on the other hand, seeks an order that the defendant pay the capital gains tax due in the amount of $11,165 to the IRS and $2,152 to the State of Connecticut resulting from that capital gain. Plaintiff resents paying these taxes when they resulted entirely from the sale of the defendant's property and from which he received nothing.
The parties have already divided their tangible personal property. The plaintiff seeks an order that there be no alimony and that each party pay his and her own attorney's fees. Additionally, the plaintiff seeks $775 in counsel fees and expenses incurred by him because of the continuance of this matter on a previously assigned trial date of June 26, 1995.
In determining the proper orders in this case the court must consider the factors set forth in § 46b-81 and § 46b-82 of the General Statutes together with the provisions of § 46b-62. With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes § 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980); Watson v. Watson, 221 Conn. 698, 710 (1992). CT Page 9370
The court has considered all of the criteria of §§ 46b-81 and46b-82 and 46b-62 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366,368 (1981), this court will not recount those statutory criteria and the evidence, other than as has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234 (1982).
Suffice to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and that the court need not give equal weight to each factor. Kane v. Parry,24 Conn. App. 307, 313-14 (1991).
The court in addition to the foregoing findings finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint, while admitted by the defendant, have been proved and are true.
The court enters the following orders:
1. A decree of dissolution of the parties' marriage shall enter on the plaintiff's complaint.
2. There shall be no alimony to either party.
3. By way of assignment of estate, the plaintiff shall pay to the defendant the sum of Thirty-five Thousand ($35,000) Dollars within thirty (30) days of this date. The plaintiff shall deduct from that sum Fourteen Thousand ($14,000) Dollars representing the balance owed to the IRS and State of Connecticut upon the parties' joint income tax returns for 1993 and an amount of $700 for attorney's fees and costs on postponement of the trial of this matter on June 26, 1995. The net amount that the plaintiff shall pay to the defendant, therefore, pursuant to this paragraph, shall be Twenty Thousand Three Hundred ($20,300) Dollars.
4. The plaintiff shall be wholly responsible for the outstanding taxes, interest and penalties, if any, on the State of Connecticut and Federal Income Tax returns for 1992 and shall indemnify and CT Page 9371 hold harmless the defendant from any claim or demand thereon.
5. The plaintiff shall indemnify and hold harmless the defendant on any other federal or State of Connecticut tax returns jointly filed by the parties.
6. The plaintiff shall pay the defendant the sum of Five Thousand ($5,000) Dollars within thirty (30) days of this date as a contribution towards her attorney's fees. In entering this order the court notes that the defendant has "ample liquid funds" with which to pay her counsel fees. However, the assignment of property pursuant to paragraph number 2 hereof would be adversely affected if the defendant were not to receive such an award.
7. The plaintiff shall cooperate with the defendant so that she may be eligible to receive medical insurance benefits with his insurance plan as provided by his former employer pursuant to § 38a-538 of the General Statutes and COBRA at her expense.
8. The defendant may have restored to her her former married name of Mary White.
9. Except as otherwise provided herein, each party shall retain the assets listed in her and his financial affidavit free of any claim or demand by the other party.
10. Except as otherwise provided herein, each party shall be responsible for the liabilities listed in her or his financial affidavit and shall indemnify and hold harmless the other party from any claim or demand thereon.
11. Except as provided herein, each party shall pay his or her own attorney's fees.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE