[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage and related relief. The plaintiff, Elisabeth S. Wasilewski and the defendant, Larry Wasilewski married on June 3, 1988 in Weston, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least twelve months next preceeding the date of the complaint; therefore, this court does have jurisdiction. There have been no children issue of this marriage. The marriage of the parties has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is now 52 years old and in good health. She graduated from high school in 1965, and had a year at the Gibbs secretarial school in 1966. She worked in a secretarial capacity until 1968, but has had no employment since then and remains unemployed now. Her early departure from the paid work force is accounted for by the fact that the plaintiff was married previously, had a child by that marriage and assumed homemaking and child rearing responsibilities at that time. The plaintiff's marriage ended in the death of her husband in 1980. CT Page 16262
The defendant is now 44 years old. He, too, is in generally good health except for having sustained a fairly serious leg injury earlier in 1999. This injury, however, has not affected the defendant's employment and income, as hereinafter set forth. The defendant graduated from high school in 1973 and, sometime following that, had some college and vocational education. He achieved separate degrees in computer science and business in the early 1980's. The defendant's entire work history since then has been in the computer-related field. He has worked as a computer analyst or consultant for different employers. Since approximately 1996, his employment has been as or for "EDP Contract Services", as set forth on his financial affidavit.
The plaintiff and the defendant have different sources of income. The plaintiff has approximately $650,000 in an investment account which monies represent the balance of an inheritance received upon her mother's death several years ago. As a result, the plaintiff has interest and dividend income of approximately $895 per week gross, $703 per week net. This level of income may not be indefinitely sustainable if the plaintiff is required to deplete that sum for any capital expenditures or to cover any shortfall necessitated by her living expenses. On the other hand, the defendant has earned income from employment in the approximate amount of $2,040 gross, $1,302 net per week (in calculating defendant's net income, the court has added back the defendant's 401k contribution as shown on his financial affidavit). The defendant has a recent earnings history which compels the court to believe that this income is sustainable by the defendant.
There is apparently not a sharp disagreement on several facts. Following the death of her first husband in 1980, the plaintiff had the benefit of a pension from his employment. That pension terminated when she remarried (to the defendant) in 1988. At the time of this marriage, the plaintiff was the sole owner of property on Hollow Spring Road in Norwalk. This became the first marital residence. It was mortgage free and then unencumbered. The plaintiff, who at some time was receiving a monthly stipend from her mother, and the defendant pooled their monies and efforts. They both lived a financially secure life. The plaintiff's mother passed away and the plaintiff received a substantial inheritance. The parties decided to and did, in fact, build a new home on Comstock Hill in Norwalk. This transaction closed in approximately April, 1998. The plaintiff contributed a CT Page 16263 significant down payment and also paid the costs of certain extras. The defendant contributed by way of paying other improvements, although to a much lesser extent.
There is fault in the breakdown of the marriage, and it does impact not insignificantly on the parties' present financial situation. For several years past the marriage has lacked much intimacy. The plaintiff claims that she was not truly aware of the effect of this to the marriage, but the defendant testified otherwise. The court suspects that the truth probably lies somewhere in between. The defendant began an affair with a coworker which reached its heights just as the parties were closing on the Comstock Hill purchase in or about April, 1998. The defendant claims that the parties had previously committed to the purchase and his affair was of no consequence concerning it. The court believes that this is a too facile explanation. The parties closed on Comstock Hill and, almost contemporaneously, the defendant vacated the home in June 1998. The plaintiffs' dissolution action followed at or about the same time. The parties sold Hollow Spring in June 1999, and there is presently about $310,000 being held in a trust account.
The parties have submitted extensive trial memoranda and markedly different claims for relief. In their memoranda the parties have ably and exhaustively set forth how they believe the facts of this case apply to the factors this court is bound to consider under C.G.S. § 46b-81 and 82. It is well settled, though, that the weight to be accorded each factor, is within the sound discretion of the trial court. See, Valante v. Valante,180 Conn. 528 (1980).
This court has carefully considered the evidence against the statutes made and provided for the dissolution of marriage contained in chapter 815j of the Connecticut General Statutes, including but not limited to C.G.S § 46b-81 and 82, and hereby enters the following orders:
1. The marriage is dissolved on the grounds of an irretrievable breakdown.
2. The defendant shall pay to the plaintiff, as and for periodic alimony, the sum of $20,000 per year in equal monthly payments $1,666.66 per month on or before the 15th day of each month, in advance, commencing January 15, 2000, until the earliest happening of any of the following events: the death of CT Page 16264 either party, the plaintiff's remarriage, the plaintiff's cohabitation with an unrelated male under circumstances warranting termination pursuant to C.G.S. § 46b-86 (b), or 3 years from the date hereof.
3. The defendant shall quit claim to the plaintiff all of his right, title and interest in and to the marital residence at 96 Comstock Hill Road, in Norwalk, and the same shall be hers without any claim or demand by the defendant and the plaintiff shall indemnify and hold harmless the defendant from and against any costs or expenses arising out of or related to ownership of said property. Within three years from date of judgment the plaintiff shall make every good faith effort to refinance the property in order to remove the defendant's name from the outstanding encumbrance on said property.
4. The plaintiff shall pay to the defendant, as and for an assignment of property, the sum of $175,000.
5. The plaintiff shall quit claim or transfer to the defendant all of her right, title and interest in and to a certain 27 foot Sea Ray boat as set forth on both parties' financial affidavits, together with any pool table in the marital residence.
6. Except or to the extent as expressly set forth hereinbefore, each party shall retain all assets and be responsible for any liabilities as set forth on their respective financial affidavits.
7. The plaintiff shall retain and have available to her any rights or claims for continued coverage under any medical or health insurance policy now maintained in force and effect by the defendant to the extent and for the time permitted by law, at her sole cost and expense.
8. No attorney fees are awarded to either party.
9. Except or to the extent as expressly set forth hereinbefore, any obligation of either party required to be performed hereunder shall be performed within thirty (30) days of the date hereof, and any dispute concerning the manner of effecting any order shall first be mediated by family services before either party seeks court intervention. CT Page 16265
10. Counsel for the plaintiff shall prepare the judgment file.
So Ordered.
KAVANEWSKY, J.